# IN THE UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF MISSOURI CENTRAL DIVISION

| | |
|---|---|
| GERALD A. FAST, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 06-4146-CV-C-NKL |
| ) | |
| APPLEBEE'S INTERNATIONAL, INC., ) | |
| ) | |
| Defendant. ) | |
| ) | |
| ) | |

## ORDER

Before the Court is Defendant Applebee's International, Inc.'s ("Applebee's") Motion to Compel Responses to Interrogatories [Doc. # 160]. For the following reasons, the Court DENIES the motion.

## I. Background

Plaintiffs filed this case as a collective action under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 216. At issue is the extent to which Applebee's servers and bartenders performed tasks for which they should have been paid minimum wage, rather than the lower tipped wage. The Court conditionally certified "a class of all persons formerly and/or presently employed by [Applebee's] and its subsidiaries as a tipped employee, specifically servers and bartenders, during the notice period." [Doc. # 83.] After notice was sent, over 5,549 Plaintiffs opted into the action.

Plaintiffs have indicated that they may call as many as fifty Plaintiffs or opt-in

Plaintiffs at trial. Applebee's states that it intends to depose each of these witnesses. Approximately fifteen such depositions had been taken at the time Applebee's filed its motion. Plaintiffs have agreed to the depositions of any witness who will be called at trial.

In September 2008, with discovery set to close December 15, Applebee's served interrogatories on each opt-in Plaintiff concerning their individual work situations.[1] Plaintiffs objected on the ground that the interrogatories are overly broad, unreasonably burdensome on class counsel (both in terms of dollars and attorney/administrative time), improper in an FLSA collective action, and harassing.

With leave of the Court Applebee's filed its motion, seeking to compel responses to the interrogatories from each of the opt-in Plaintiffs. After filing its motion seeking discovery from all opt-in Plaintiffs, Applebee's suggests that the Court should compel an initial 300 responses to allow Applebee's to evaluate the nature of the responses and determine whether to seek discovery from the remaining opt-in Plaintiffs.

**II. Discussion**

Applebee's argues that it needs responses to the interrogatories from each opt-in

---

[1] In summary, the interrogatories ask the individual Plaintiffs, for each shift worked at an Applebee's restaurant since May 24, 2005: (1) to account for time throughout the entire shift by describing each activity performed by start/end or total time, and to describe any reasons why they cannot give a complete response; (2) to identify the different types of shifts typically worked, with start/end times and variations thereof; (3) for each different type of shift, to account for time throughout the entire shift by describing each activity typically performed by start/end or total time and variations thereof;(4) to identify the process by which they formulated responses to the preceding interrogatories as well as any documents referred to in answering the interrogatories; and (5) to identify with whom they discussed their responses and the date, time, place, duration of the conversation and its contents or the basis of any alleged privilege.

Plaintiff in order to file a motion to decertify the class.  Yet Applebees did not file its discovery request until two months before the conclusion of discovery.  The discovery that it did file seeks detailed information about each Plaintiff's work from May 24, 2005, to the present.  For example, the first interrogatory asks:

> 1. For <u>each</u> shift that you worked at an Applebee's restaurant as a BARTENDER since May 24, 2005, please account for your time throughout the entire shift by describing each activity you performed (such as duties, tasks, breaks, rest periods, "down time", or other activities.)  For each activity identify the start and end time and/or total time devoted to such activity.  If you are unable to provide a complete and accurate response to this interrogatory, please so state, and describe the reason(s) that you are unable to provide a complete and accurate response. (emphasis original)

(Pls.' Sugg. in Opp'n., p. 2).

There is sparse case law on the propriety of seeking discovery from opt-in plaintiffs in a FLSA action and there is no Eighth Circuit precedent that resolves the question. Nonetheless, the Court concludes that limited discovery from opt-in Plaintiffs may be appropriate.  However, given the remedial nature of FLSA actions and the hybrid status of opt-in Plaintiffs, any such discovery must satisfy the following requirements:  1) The discovery is not being sought for the purpose of depriving the opt-in plaintiff of his or her class status; 2) the discovery is simple enough that it does not require the assistance of counsel to answer; 3) the discovery meets the standards of Federal Rule of Civil Procedure 26; and 4) the information is not otherwise available to the defendant.  These limitations are imposed to insure that discovery is not used as a tool to limit or discourage participation in the opt-in class and to advance  the efficiency and cost containment objectives of a FLSA

actions.

Applebee's has failed to show that these threshold requirements have been met. First, and most important, the detailed information requested is impossible for any normal person to answer, much less the average hourly employee. Therefore, the discovery sought by Applebee's is unduly burdensome no matter how many opt-in Plaintiffs are obligated to answer the interrogatories. Second, the information which might be reasonably reconstructed by an opt-in Plaintiff, is already available to Applebee's in its own records. Third, the discovery clearly requires the assistance of counsel, adding to the cost and length of the litigation. Fourth, the discovery request was made so late in the process that it would be impossible to devise a reasonable discovery plan given the controversial nature of the request. For those reasons, Applebee's Motion to Compel is denied.

## III. Conclusion

Accordingly, it is hereby ORDERED that [Doc. # 160] is DENIED.

                                      s/ Nanette K. Laughrey
                                      NANETTE K. LAUGHREY
                                      United States District Judge

Dated: December 31, 2008
Jefferson City, Missouri