IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
CENTRAL DIVISION

| | |
|---|---|
| GERALD A. FAST, TALISHA CHESHIRE, and BRADY GEHRLING, | ) ) ) |
| Plaintiffs, | ) ) ) Case No. 06-4146-CV-C-NKL |
| v. | ) ) |
| APPLEBEE'S INTERNATIONAL, INC., | ) ) |
| Defendant. | ) |

**ORDER**

Plaintiffs Gerald A. Fast, Talisha Cheshire, and Brady Gehrling ("Plaintiffs") bring this case as a collective action under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 216. They allege that Defendant Applebee's International, Inc. ("Applebee's"), has failed to pay its servers and bartenders in compliance with the FLSA. Before the Court is Applebee's Motion to Decertify Class [Doc. # 178]. For the following reasons, the Court denies the motion.

On June 19, 2007, the Court conditionally certified the following class in this case, as suggested by Plaintiffs:

> current and former servers and bartenders at 'corporate' restaurants (i.e. those operated by defendant or its subsidiaries as opposed to franchisees) . . . who were/are directed or permitted to perform duties that would not generate tips such as general maintenance and preparatory work in excess of twenty percent (20%) of their shift without paying them at least minimum wage for such work.

[Doc. # 83.] Additional facts are set out in other Orders issued by the Court in this case.

On a motion to decertify, the courts must determine whether plaintiffs are similarly situated with respect to their job requirements and pay provisions. *See generally Grayson v. K-Mart,* 79 F.3d

1086 (11th Cir. 1996); 29 U.S.C. § 216(b). In making this determination, courts consider factors including (1) individual plaintiff's disparate factual and employment settings, (2) defenses which are individual to each plaintiff, and (3) fairness and procedural considerations. *See Keef v. M.A. Mortenson Co.*, No. 07-CV-3915 (JMR/FLN), 2009 WL 465030 (D. Minn. Feb. 24, 2009).

Plaintiffs have shown that they are similarly situated with respect to their job requirements and pay provisions. First, they have demonstrated that their claims involve substantially similar factual and employment settings, despite minor variances restaurant-to-restaurant. Applebee's applied national uniform policies and practices relevant to its servers and bartenders, including policies concerning the tip credit, manager bonuses for productivity, complaint resolution, and job descriptions. Plaintiffs performed substantially the same job tasks under national guidelines. Plaintiffs were subject to similar pay structures.

The minor differences in Plaintiffs' situations do not warrant decertification. *See generally Frank v. Gold'N'Plump Poultry, Inc.*, No. 04-CV01018 (PJS/RLE), 2007 WL 2780504 (D. Minn. Sept. 24, 2007). Applebee's focuses on differences in Plaintiffs' situations which vary by restaurant. Any challenges which might be posed by these differences will be addressed through dividing the class into subclasses by restaurant.

Second, liability in this case turns on class-wide claims and defenses, most notably whether Applebee's improperly took the tip credit for general maintenance and preparation work done by the class. Evidence contradicting Plaintiffs' claims may be resolved by a finder of fact at trial. *See Pendlebury v. Starbucks Coffee Co.*, 518 F. Supp. 2d 1345, 1363 (S.D. Fla. 2007) (finding that conflicts in evidence concerning the amount of time store managers spent performing non-managerial work did not require decertification). Both Applebee's and the Plaintiffs benefit from

having these matters resolved collectively. As to due process concerns, representative testimony is contemplated by the FLSA and Applebee's can defend with representative testimony just as Plaintiffs can seek to prove their claims with representative testimony.

Third, fairness and other procedural considerations weigh in favor of maintaining class certification. The FLSA is a remedial statute which should be read in favor of coverage. *Kelly v. Alamo*, 964 F.2d 747 (8th Cir. 1992). The judicial system will benefit from efficient resolution of the common issues in Plaintiffs' claims which arise from the same alleged FLSA violations. *See Hoffmann-La Roche Inc. v. Sperling*, 493 U.S. 165, 170 (1989) (evaluating ADEA class). Applebee's interest in defending Plaintiffs' small claims individually must be balanced against the rights of Plaintiffs, many of whom could not bear the costs of individual trials to redress the alleged violations. *Id.*

Plaintiffs have established that they are sufficiently similarly-situated. No fairness or procedural considerations raised by Applebee's warrants disturbing the Court's conclusion that this case should proceed to trial collectively.

Accordingly, it is hereby ORDERED that Applebee's Motion to Decertify Class [Doc. # 178] is DENIED.

s/ Nanette K. Laughrey
NANETTE K. LAUGHREY
United States District Judge

Dated: August 3, 2009
Jefferson City, Missouri