IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
CENTRAL DIVISION

| | |
|---|---|
| GERALD A. FAST, TALISHA CHESHIRE and BRADY GEHRLING, on behalf of themselves and as class representatives for all others similarly situated,<br><br>                Plaintiffs,<br><br>vs.<br><br>APPLEBEE'S INTERNATIONAL, INC., d/b/a APPLEBEE'S NEIGHBORHOOD GRILL & BAR,<br><br>                Defendant. | Case No. 06-4146-CV-C-NKL |

## PLAINTIFFS' MOTION IN LIMINE TO EXCLUDE ANY EVIDENCE RELATED TO PLAINTIFFS' CHOICE OF EMPLOYMENT

Come Now, Plaintiffs, by and through counsel, and for their Motion in Limine to exclude any evidence related to their choice of employment, state as follows:

### I. Introduction

This is a FLSA case which alleges that Applebee's violated applicable provisions of the FLSA by requiring their servers and bartenders to perform general preparation and maintenance work in excess of the limits that are provided under the FSLA. It is suspected that Applebee's will suggest if the Plaintiffs were unhappy with their employment situation, they should have quit and found other employment as a part of its defense.

This evidence should be excluded since it is not relevant to this case. Whether the Plaintiffs could have terminated their employment with Applebee's and sought other employment has no bearing on whether or not Applebee's failed to properly pay Plaintiffs for work performed.

1

## II. Argument

"Federal Rule of Evidence 402 provides that irrelevant evidence is inadmissible." *Wright v. Ark. & Mo. R.R. Co.*, 2009 U.S. App. LEXIS 16719, *12 (8th Cir. July 29, 2009). "Evidence is relevant if it has 'any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence.'" *Id.* at *12-13 (quoting Fed. R. Evid. 401). "A district court is given broad discretion to determine the relevance of evidentiary matters." *Id.* at 13.

Any evidence or suggestion that Plaintiffs were free to leave their employment position with Applebee's at any time is irrelevant because it has no tendency whatsoever to make the existence of any consequential fact to the determination of whether Applebee's violated FLSA more or less probable than it would be without the evidence. The issue in this case is whether Applebee's failed to properly pay Plaintiffs for time worked. Whether the Plaintiffs could have or should have found other employment has no bearing on that issue.

Respectfully submitted,

/s/ Tim Van Ronzelen
Matthew A. Clement   #43833
Timothy W. VanRonzelen   #44382
Kari A. Schulte   #57739
Cook, Vetter, Doerhoff & Landwehr, P.C.
231 Madison
Jefferson City, Missouri 65101
Telephone: (573) 635-7977
Facsimile: (573) 635-7414
mclement@cvdl.net
tvanronzelen@cvdl.net
kschulte@cvdl.net

and

>Charles A. Gentry     #46388
>Jason H. Ludwig     #58945
>Carson & Coil
>515 East High Street
>P. O. Box 28
>Chip.g@carsoncoil.com
>Jason.l@carsoncoil.com
>Jefferson City, Missouri 65102
>Telephone: (573) 636-2177
>Facsimile: (573) 636-7119

**ATTORNEYS FOR PLAINTIFFS**

**CERTIFICATE OF SERVICE**

    I hereby certify that on the 14th day of August, 2009, I have caused a true copy of the above document to be filed electronically with the Clerk of the Court using the CM/ECF system which sent notification of such file to Daniel B. Boatright and S. Jane Bruer of Spencer, Fane, Britt & Browne, LLP, 100 Walnut, Suite 1400, Kansas City, Missouri 64106, attorneys for defendant.

>/s/ Tim Van Ronzelen

3

Case 2:06-cv-04146-NKL   Document 264   Filed 08/14/09   Page 3 of 3