IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
CENTRAL DIVISION

GERALD A. FAST, TALISHA )
CHESHIRE and BRADY GEHRLING, )
on behalf of themselves )
and as class representatives for )
all others similarly situated, )
                             Plaintiffs, )
                             )
    vs. )    Case No. 06-4146-CV-C-NKL
                             )
APPLEBEE'S INTERNATIONAL, INC., )
d/b/a APPLEBEE'S NEIGHBORHOOD )
GRILL & BAR, )
                             )
                     Defendant. )

**PLAINTIFFS' MOTION IN LIMINE TO EXCLUDE ANY EVIDENCE
OF INDUSTRY STANDARDS**

Come Now, Plaintiffs, by and through counsel, and for their Motion in Limine to exclude any evidence of industry standards, states as follows:

**I. Introduction**

This is a FLSA case which alleges that Applebee's violated applicable provisions of the FLSA by requiring their servers and bartenders to perform general preparation and maintenance work in excess of the limits that are provided under the FSLA. Throughout the years of litigating this case and defending and taking depositions, it has become obvious that one of Applebee's defenses to the Plaintiffs' claims will be that 'everyone else does it." For example, Applebee's questioned virtually every opt in Plaintiff that was deposed about the amount of general preparation work or maintenance duties that they performed at other restaurants in which they worked.

This evidence should be excluded since it is not relevant to this case. Whether other

1

employers followed or did not follow the FLSA simply has no bearing on whether Applebee's did so in this case. In addition, the facts surrounding their work with other employers would be vastly different as each employer would have different duties that their servers and bartenders would have performed and, more importantly, what support staff (such as bus people) was available to perform general preparation or maintenance duties. Finally, to the extent that any industry standard evidence is relevant (which Plaintiffs feel it is not) it should also be excluded since the limited relevance is greatly outweighed by the danger of unfair prejudice and a waste of judicial resources since each such instance would require delving into the specifics about what other restaurants the witnesses worked in and what various jobs were done at each restaurant.

## II. Argument

One of "the humanitarian purposes of the Fair Labor Standards Act ["FLSA"] . . . [is] to eradicate the evils attendant upon low wages in the industry." *Plunkett v. Abraham Bros. Packing Co.*, 129 F.2d 419, 421 (6th Cir. 1942) (quoting *Fleming v. Hawkeye Pearl Button Co.*, 113 F.2d 52, 56 (8th Cir. 1940)). According to the Eighth Circuit, the "considerations which control a determination of coverage of the [FLSA] in a particular case are the activities of the subject employees." *Mitchell v. Kroger Co.*, 248 F.2d 935, 938 (8th Cir. 1957). "In the final analysis, of course, each case must stand or fall on its own particular facts." *Id.* (internal quotations omitted). The FLSA "is a remedial Act and must be liberally construed to effectuate its purposes." *Ralph Knight, Inc. v. Mantel*, 135 F.2d 514, 517 (8th Cir. 1943) (internal citations omitted).

In the instant case, Plaintiffs believe Applebee's will attempt to vitiate the force of its own FLSA violations with respect to its employees by speculating that other industry participants violate their respective employees' FLSA rights too. Presumably, Applebee's hopes

2

to undercut the impropriety of its own violations by saying, "Look, everyone else in the industry is doing it too!" Regardless of the truth or falsity of Applebee's approach, any evidence regarding FLSA violations by anyone other than Applebee's is irrelevant to the particular facts and issues of this case: whether Applebee's violated the FLSA rights of its employees. To the extent Applebee's seeks to pursue these irrelevant aims, Plaintiffs request this Court exclude any and all references to possible violations by other industry actors as irrelevant under Federal Rules of Evidence 401 and 402.

"Federal Rule of Evidence 402 provides that irrelevant evidence is inadmissible." *Wright v. Ark. & Mo. R.R. Co.*, 2009 U.S. App. LEXIS 16719, *12 (8th Cir. July 29, 2009). "Evidence is relevant if it has 'any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence.'" *Id.* at *12-13 (quoting Fed. R. Evid. 401). "A district court is given broad discretion to determine the relevance of evidentiary matters." *Id.* at 13.

Any evidence of FLSA violations by anyone other than Applebee's is irrelevant because it has no tendency whatsoever to make the existence of any consequential fact to the determination of whether Applebee's violated FLSA more or less probable than it would be without the evidence. As the Eighth Circuit made clear in FLSA actions, the only things relevant "are the activities of the subject employees." *Mitchell*, 248 F.2d at 938. Moreover, "each [FLSA] case must stand on its own particular facts," *Id.*, as to Applebee's and its employees, not on the relationship between any other employer or employees forming no part whatsoever of this particular case.

Furthermore, whether other industry actors have violated the FLSA is also irrelevant because it would not limit Applebee's liability in any way, shape or form. After all, the entire

3

purpose of the FLSA is "to eradicate the evils attendant upon low wages **in the industry**." *Plunkett*, 129 F.2d at 421 (emphasis added). Consequently, whether others in the industry have committed the same violations as Applebee's is irrelevant because the FLSA is predicated on the notion of eradicating industry-wide violations. Finally, as the FLSA's purpose makes clear, FLSA violations do not somehow become legal or less abhorrent merely because others in the industry may be committing them as well. *Cf. The T. J. Hooper*, 60 F.2d 737, 740 (2d Cir. 1932) (in holding a single entity's actions negligent, Judge Learned Hand noted that the entity's actions were not reasonable merely because others in the industry performed the same actions because "a whole calling may have unduly lagged" and "universal disregard will not excuse" individual liability); *Kirkendall v. Harbor Ins. Co.*, 698 F. Supp. 768, 779-80 (W.D. Ark. 1988) (finding that "[c]ourts are naturally reluctant to allow an industry to set its own standards" and "compliance with a de facto industry standard [does not] necessarily insulate an actor from liability"); *Hochfelder v. Ernst & Ernst*, 503 F.2d 1100, 1113 (7th Cir. 1974) (ruling that federal courts "are not constrained to accept faulty standards of practice otherwise generally accepted in an industry or profession"), *rev'd in part on other grounds*, 425 U.S. 185, 193 (U.S. 1976).

/s/ Tim Van Ronzelen
Matthew A. Clement   #43833
Timothy W. VanRonzelen   #44382
Kari A. Schulte   #57739
Cook, Vetter, Doerhoff & Landwehr, P.C.
231 Madison
Jefferson City, Missouri 65101
Telephone: (573) 635-7977
Facsimile: (573) 635-7414
mclement@cvdl.net
tvanronzelen@cvdl.net
kschulte@cvdl.net

and

Charles A. Gentry     #46388
Jason H. Ludwig     #58945
Carson & Coil
515 East High Street
P. O. Box 28
Chip.g@carsoncoil.com
Jason.l@carsoncoil.com
Jefferson City, Missouri 65102
Telephone: (573) 636-2177
Facsimile: (573) 636-7119

**ATTORNEYS FOR PLAINTIFFS**

## CERTIFICATE OF SERVICE

I hereby certify that on the 14th day of August, 2009, I have caused a true copy of the above document to be filed electronically with the Clerk of the Court using the CM/ECF system which sent notification of such file to Daniel B. Boatright and S. Jane Bruer of Spencer, Fane, Britt & Browne, LLP, 100 Walnut, Suite 1400, Kansas City, Missouri 64106, attorneys for defendant.

/s/ Tim Van Ronzelen