IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
CENTRAL DIVISION

| | | |
|---|---|---|
| GERALD A. FAST, TALISHA CHESHIRE and BRADY GEHRLING, on behalf of themselves and as class representatives for all others similarly situated,<br><br>Plaintiffs,<br><br>vs.<br><br>APPLEBEE'S INTERNATIONAL, INC., d/b/a APPLEBEE'S NEIGHBORHOOD GRILL & BAR,<br><br>Defendant. | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) | Case No. 06-4146-CV-C-NKL |

**PLAINTIFFS' MOTION IN LIMINE TO EXCLUDE ANY
EVIDENCE OF PLAINTIFFS' "MULTI-TASKING"**

Come Now, Plaintiffs, by and through counsel, and for their Motion in Limine to exclude any evidence of Plaintiffs' multi-tasking, state as follows:

**I. Introduction**

This is a FLSA case which alleges that Applebee's violated applicable provisions of the FLSA by requiring their servers and bartenders to perform general preparation work and maintenance in excess of the limits that are provided under the FSLA. It is suspected that Applebee's may inject evidence into this case related to Plaintiffs' ability to or past practice of "multi-tasking" – conducting a non-tip producing activity while conducting a tip producing activity at the same time during their shift, such as rolling silverware while scanning tables to check on customers or cleaning countertops while waiting for food to be prepared by the cooks. It is anticipated that Applebee's will argue or imply that it should not be required to pay full minimum wage for (or count toward the 20% tolerance) the time spent multi-tasking in that way.

1

That is not the law. This evidence or suggestion should be excluded since it is not relevant to this case. Further, even if this evidence were relevant, it is unfairly prejudicial and should be excluded on those grounds.

## II. Argument

"Federal Rule of Evidence 402 provides that irrelevant evidence is inadmissible." *Wright v. Ark. & Mo. R.R. Co.*, 2009 U.S. App. LEXIS 16719, *12 (8th Cir. July 29, 2009). "Evidence is relevant if it has 'any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence.'" *Id.* at *12-13 (quoting Fed. R. Evid. 401). "A district court is given broad discretion to determine the relevance of evidentiary matters." *Id.* at 13.

The law applicable to this case sets forth that Applebee's is not entitled to the tip credit for the time Plaintiffs spent conducting activities that are not incidental to their tipped activities. (See, Order, Doc 73) Further, Applebee's "may not claim a tip credit for an employee's non-tip producing activities if the tipped employee spends more than 20% of his or her shift on non-tip producing activities." (See, Order, Doc 83 and Order, Doc 73) The focus is on the non-tip producing activity. If the tipped employee is conducting a non-tip producing activity, then the law as stated above applies. The fact that a tipped employee may also be conducting a tip producing activity does not exempt that time from being counted toward the 20% or from being considered in the category of activities for which no tip credit may be taken. Therefore, whether the Plaintiffs could have or should have been "multi-tasking" such that non-tip producing activities were being performed simultaneously with tip producing activities is irrelevant to this case as it has no tendency whatsoever to make the existence of any consequential fact to the determination of whether Applebee's violated FLSA more or less probable than it would be

without the evidence.

        /s/ Tim Van Ronzelen
Matthew A. Clement   #43833
Timothy W. VanRonzelen   #44382
Kari A. Schulte   #57739
Cook, Vetter, Doerhoff & Landwehr, P.C.
231 Madison
Jefferson City, Missouri 65101
Telephone: (573) 635-7977
Facsimile: (573) 635-7414
mclement@cvdl.net
tvanronzelen@cvdl.net
kschulte@cvdl.net

        and

Charles A. Gentry   #46388
Jason H. Ludwig   #58945
Carson & Coil
515 East High Street
P. O. Box 28
Chip.g@carsoncoil.com
Jason.l@carsoncoil.com
Jefferson City, Missouri 65102
Telephone: (573) 636-2177
Facsimile: (573) 636-7119

**ATTORNEYS FOR PLAINTIFFS**

### CERTIFICATE OF SERVICE

I hereby certify that on the 14th day of August, 2009, I have caused a true copy of the above document to be filed electronically with the Clerk of the Court using the CM/ECF system which sent notification of such file to Daniel B. Boatright and S. Jane Bruer of Spencer, Fane, Britt & Browne, LLP, 100 Walnut, Suite 1400, Kansas City, Missouri 64106, attorneys for defendant.

        /s/ Tim Van Ronzelen