IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
CENTRAL DIVISION

| | |
|---|---|
| GERALD A. FAST, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 06-04146-CV-C-NKL |
| ) | |
| APPLEBEE'S INTERNATIONAL, INC. ) | |
| ) | August 26, 2009 |
| Defendant. ) | |
| ) | |
| ) | |

MINUTE SHEET

HONORABLE Nanette K. Laughrey presiding at Jefferson City, Missouri.
========================================================================
Nature of Proceeding: Teleconference
Time: 3:37 p.m. - 4:00 p.m.
Plaintiffs by: Matt Clement, Tim Van Ronzelen and Kari Schulte
Defendant by: Daniel Boatright and Nick Badgerow


Comments:

The parties discussed the possibility of interlocutory appeal on certain legal rulings by the Court. The Court vacates its May 2007 summary judgment order at Document 73 to the extent it addresses Fast's "tipped work claim." The parties will brief the following issues:

Issue 1: What is the correct legal analysis for determining whether a tip credit is properly taken by an employer. Either:
(A) Determine whether the duties performed by the employee fall within the scope of the particular tipped occupation, regardless of whether the duties are tip producing and regardless of how much time the employee spent on tip producing versus non-tip producing duties; or
(B) Determine whether the employee spent a substantial amount of time performing non-tip producing duties such as general preparation work or maintenance, thereby creating a dual job.

Issue 2:
(A) If the correct legal analysis is 1(A), is it a question of law or fact which duties fall within the scope of the particular occupation.
(B) If the correct legal analysis is 1(B), is it a question of law or fact whether a duty is tip producing.

<u>Issue 3:</u> When an employer takes a tip credit and the propriety of the tip credit is challenged by an employee, does the employer bear the burden of proof on the issue of whether the tip credit was properly taken, or does the employee challenging the tip credit bear the burden of proving that he performed work for which he was not properly compensated?  Does the burden ever shift?

The parties will each submit briefs on these issues as follows:  both parties shall submit briefs on or before September 17, 2009; both parties shall submit response briefs on or before October 2, 2009; no replies may be filed.  The parties will submit a joint motion for interlocutory appeal within seven days of the Court's order resolving these issues.  **Procedures for briefing these issues at Doc. #298.**  The Court vacates the pretrial conference and trial dates until the issue of interlocutory appeal is resolved.


Reporter: None                                            By: Renea Kanies, Courtroom Deputy