IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MISSOURI
CENTRAL DIVISION

| | |
|---|---|
| GERALD A. FAST, TALISHA CHESHIRE, and BRADY GEHRLING, | ) ) ) |
| Plaintiffs, | ) ) Case No. 06-4146-CV-C-NKL |
| -against- | ) ) ) |
| APPLEBEE'S INTERNATIONAL, INC., | ) ) ) |
| Defendant. | ) ) |

**SUGGESTIONS IN OPPOSITION TO PLAINTIFFS' MOTION FOR AN EXTENSION OF TIME TO FILE SUGGESTIONS IN OPPOSITION TO APPLEBEE'S INTERNATIONAL, INC.'S RENEWED MOTION TO DECERTIFY**

Defendant Applebee's International, Inc. ("Applebee's") states as follows in opposition to Plaintiffs' Motion for an Extension of Time to File Suggestions in Opposition to Applebee's International Inc.'s Renewed Motion to Decertify:

**I.    Background**

Following the Supreme Court's denial of Applebee's cert petition, the parties reengaged in discovery and preparation for trial beginning September 10, 2012. During the February 13, 2012 telephone status hearing, the Court requested that Plaintiffs' provide their trial plan (Doc. No. 333; *see also* Ex. A: 5/1/12 email from K. Schulte). After not receiving the plan in the months following the Court's request, Applebee's again requested Plaintiffs' trial plan (*See* Ex. B: 4/25/12 email from D. Boatright). It was not until May 1, 2012 that Plaintiffs provided Applebee's with a three-page trial plan (which was filed May 22, 2012) (Doc. No. 346).

Additionally, beginning March 19, 2012, Applebee's attempted to depose 14 additional opt-in plaintiffs between March 26 and April 2, 2012 (*See* Doc. No. 343). Only seven of the 14 opt-in plaintiffs identified in Applebee's notice were made available prior to Applebee's filing its

Renewed Motion for Decertification and Dismissal of Opt-In Plaintiffs ("Renewed Motion"). Although Applebee's sought to take these depositions in March and April, these seven depositions did not occur until the weeks of May 7 and May 14, 2012. Applebee's continues its efforts to depose the remaining witnesses, or substitute witnesses when necessary.

On June 12, 2012, Applebee's filed its Renewed Motion based on a change in the legal landscape during the dormancy period of this case, which was highlighted by the United States Supreme Court's *Wal-Mart Stores, Inc. v. Dukes*, 564 U.S. __, 131 S. Ct. 2541(2011) decision and its progeny; Plaintiffs' trial plan; and new evidence elicited from Plaintiffs during the depositions in May 2012 (Doc. No. 348). Applebee's, aware of the September 10 trial date, filed the Renewed Motion as expeditiously as possible. The current deadline for Plaintiffs to respond to the Renewed Motion is June 29 (*id.*), to which Applebee's would reply by July 13.

## II. Argument

Plaintiffs' request for a 45-day period of time to respond to the Renewed Motion until July 27 should be denied because such a briefing schedule would not provide the Court with enough time to rule on such a significant motion sufficiently in advance of trial beginning September 10. If the Renewed Motion is successful, the trial would only be held for the purpose of adjudicating the claims of the three named plaintiffs. If unsuccessful, the claims of 5,549 individuals would be at issue at trial. These two widely divergent potential outcomes create significantly different scenarios both as to the scope of the trial and the parties' preparation for it.

If Plaintiffs' motion is granted, a response to the Renewed Motion would not be due until July 27, and Applebee's reply would be due on August 10. This would provide the Court with only one month before the September 10 trial date to decide the Renewed Motion. Under such a scenario, it likely would not be possible for the Court to rule upon the Renewed Motion in

sufficient time for the parties to tailor their trial plans and preparations accordingly. Indeed, both parties would be left with little choice but to prepare for a trial adjudicating the claims of 5,549 individuals -- involving significant time for dozens of witnesses and tens or hundreds of thousand dollars worth of attorney time -- even though a later ruling on the decertification motion would have proven those efforts needless. Applebee's informed Plaintiffs' counsel of this concern when it declined Plaintiffs' request to agree to a 45-day response time (*See* Ex. C: 6/17/12 email from N. Finkel). In the same correspondence, and in an effort to avoid the current motion practice on Plaintiffs' extension request, Applebee's agreed to a 28-day period for Plaintiffs to respond to the motion -- double the time provided by Local Rule 7.0(d) (*Id.*). Plaintiffs rejected Applebee's offer. Under normal circumstances, Applebee's would not oppose an extension request. But the upcoming trial date counsels otherwise.

Plaintiffs claim to need additional time to respond to the Renewed Motion because of the time it will take them to prepare a response and because their resources are allocated to trial preparation for this case and Plaintiffs' counsel's obligations in other cases. (Doc. No. 353, p. 3.) This does not overcome the interest in providing the Court with sufficient time to rule on the Renewed Motion. The gravamen of Applebee's Renewed Motion is that Plaintiffs' trial plan is simply unworkable. Because Plaintiffs prepared that very trial plan, Plaintiffs presumably know how their case can be tried collectively, and should not need a total of 45 days to set forth that explanation. Further, Applebee's is facing the same burdens of trial preparation for this case, and for other cases for that matter. Both Applebee's and Plaintiffs would benefit by knowing as early as possible in their trial preparation whether and how a collective trial can take place under Plaintiffs' current trial plan. Any unnecessary delay in Plaintiffs' response -- and thus the Court's determination -- only create a significant burden to both parties. Moreover, Plaintiffs'

3

proposed extension would not reduce their burden. They cite the need to take or defend additional depositions in this case, but, under the Court's Scheduling Order (Doc. No. 347, p.2), those depositions must be completed by July 27. That is the very day Plaintiffs propose to file their response brief in their motion to extend time. Without an extension, or with a shorter one, Plaintiffs could file their brief before undertaking work on depositions.[1]

Finally, Plaintiffs suggest that the timing of Applebee's filing of the Renewed Motion three months before trial prejudices them. Applebee's, however, filed its motion as soon as it could. It was not until May 1 that Applebee's received Plaintiffs' trial plan, and it was not until the weeks of May 7 and May 14 that Applebee's took the depositions of Plaintiffs that are discussed in its Renewed Motion. Applebee's sought to complete those depositions by early to mid-April, but Plaintiffs could not schedule those until a month later. Plaintiffs cannot now use that to argue that Applebee's filed its Renewed Motion too late.

WHEREFORE, Applebee's requests that the Court deny Plaintiffs' request to extend time or provide them with up to 28 days to respond to the Renewed Motion. Further, if the Court believes it would benefit by a telephonic status conference to discuss this matter, Applebee's would be available for it.

---

[1] Indeed, without such a long extension, Applebee's is placed in the position of having to prepare its reply brief at the same it is engaged in depositions. Given the importance of this case, it has no qualms about doing that.

Dated: June 22, 2012                                            APPLEBEE'S INTERNATIONAL, INC.

By: ___/s/ Jeremy W. Stewart_____.
     One of Its Attorneys

Noah A. Finkel (nfinkel@seyfarth.com)
Jon D. Meer (jmeer@seyfarth.com)
Arthur J. Rooney (ajrooney@seyfarth.com)
Jeremy Stewart (jwstewart@seyfarth.com)
SEYFARTH SHAW LLP
131 S. Dearborn St., Suite 2400
Chicago, Illinois 60603
(312) 460-5000

Daniel B. Boatright (dboatright@littler.com)
Sarah Jane Cecil (jcecil@littler.com)
LITTLER MENDELSON, P.C.
1201 Walnut Street, Suite 1450
Kansas City, Missouri 64106
(816) 627-4400

## **CERTIFICATE OF SERVICE**

I hereby certify that on June 22, 2012, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system, which will send a notice of electronic filing to designated recipients:

        Charles A. Gentry
        Jason H. Ludwig
        CARSON & COIL, P.C.
        515 East High Street, Ste. 301
        P.O. Box 28
        Jefferson City, MO 65102

        Matthew A. Clement
        Timothy W. VanRonzelen
        Kari A. Schulte
        COOK, VETTER, DOERHOFF & LANDWEHR, P.C.
        231 Madison Street
        Jefferson City, MO 65101

                /s/ Jeremy W. Stewart
                    Jeremy W. Stewart